# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPREHENSIVE MICROFILM AND SCANNING SERVICES, INC.; and JAMES WASILEWSKI, Plaintiffs | 3:11cv498 (Judge Munley) |
| v. | |
| THE MAIN STREET AMERICA GROUP, Defendant | |

## MEMORANDUM

Before the court is the defendant's motion for summary judgment (Doc. 17). Having been fully briefed, the motion is ripe for disposition.

**Background**

This case arises from a dispute over insurance coverage in an underlying lawsuit. On December 10, 2010, a suit was filed against Comprehensive Microfilm and Scanning Services, Inc. and its sole owner James Wasilewski (hereafter "plaintiffs"). (Doc. 19, Ex. 2, Underlying Compl.). The plaintiffs[1] in the underlying suit publish journals consisting primarily of peer-reviewed articles authored by scholars, often based upon original research. (Id. ¶ 19). A substantial part of their revenue is derived from the publication of the copyrighted works and journals. (Id. ¶ 22). The complaint alleged that Comprehensive Microfilm and Wasilewski derived substantial revenue from unlawfully copying microfilm versions of these journals for third parties. (Id. ¶ 28). At the request of one of its customers, Princeton Micro Scan Corporation, Comprehensive Microfilm would make a

---

[1] The plaintiffs in the underlying complaint are as follows: Elsevier, Inc., Elsevier B.V., Elsevier Ltd., Mosby, Inc., John Wiley & Sons, Inc., Blackwell Publishing, Ltd., Wiley Periodicals, Inc., Wiley-Liss, Inc. and American Chemical Society. (Doc. 19, Ex. 2, Underlying Compl.)

master microfilm copy of a journal and create an additional microfilm copy for an institution. (Id.) Comprehensive Microfilm would then distribute the copies of the microfilm to Princeton Micro Scan or other third parties. (Id.) The complaint asserts counts of copyright infringement, trademark infringement, trademark counterfeiting and unfair competition. (Id. ¶ 1).

Plaintiffs purchased business owners liability insurance from Defendant Main Street America Group (hereafter "defendant") under policy number BPV35907. (Doc. 17, Ex. 2, Def. Statem. of Mat. Fact in Supp. of Mot. for Summ. J. ¶ 5). Plaintiffs were insured under the policy from April 1, 2004 to April 1, 2010. (Id.) In 2004, Plaintiff Wasilewski contacted Don Crossin from Frank P. Crossin Agency, Inc. to prepare an insurance policy. (Doc. 19, Pls. Statem. of Add. Genuine Facts in Dispute ¶¶ 5, 7). Crossin went to plaintiffs' business facility and observed plaintiffs' operations and processing. (Id. ¶ 7) Plaintiff Wasilewski placed the insurance policy with Defendant Main Street America Group. (Id. ¶ 8). Crossin delivered the policy to Plaintiff Wasilewski, but never went over it with him. (Id. ¶ 9). Plaintiff Wasilewski never read the insurance policy, nor did he ever have anyone else read it for him. (Id. ¶ 10).

Upon the initiation of the underlying lawsuit, Plaintiff Wasilewski contacted defendant regarding his insurance coverage. (Id. ¶ 12). In a letter dated January 14, 2011, Richard DiNicola, a Senior Litigation Specialist, confirmed that defendant received a copy of the complaint filed against plaintiffs. (Doc. 19, Ex. 5). The letter provided a brief description of the underlying lawsuit and claims. (Id. at 1-2). It also contained excerpts from plaintiffs' insurance policy, which provided a description of plaintiffs' coverage, definitions of the terms used within the policy and exclusions. (Id. at 2-4.) The letter explained,

> [W]hile the allegations within the complaint meet the

> definition of "Advertising Injury," coverage is not afforded because the claim does not fall within the insuring agreement, which states that the "Advertising Injury" must be "caused by an offense committed in the course of advertising your goods, product or services." The allegations in the complaint were not caused by an "offense committed in the course of advertising your goods, product or services."
>
> Furthermore, all of the allegations in the complaint pertain to alleged copyright and/or trademark infringement and, therefore, are excluded under the above-cited policy endorsement 64-5869 1100 – Intellectual Property Liability Exclusion.
>
> In conclusion, for the above reasons, we must respectfully advise that we are disclaiming coverage to you, your company, and/or anyone else on your behalf.

(Id. at 5).

On February 15, 2011, plaintiffs filed suit against defendant in the Luzerne County Court of Common Pleas seeking declaratory relief regarding coverage and asserting a breach of contract claim. (Doc. 1, Notice of Removal ¶¶ 32-40). On March 16, 2011, defendant removed the action to this court based on diversity jurisdiction. See 28 U.S.C. § 1332. At the close of discovery, defendant moved for summary judgment on February 13, 2012. (Doc. 17). Having fully briefed the issues, the matter is ripe for disposition.

**Jurisdiction**

The court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff Comprehensive Microfilm is a Pennsylvania corporation. (Doc. 1, Notice of Removal ¶ 3). Plaintiff James Wasilewski resides in and is a citizen of Pennsylvania. (Id.) Defendant Main Street is a Florida corporation. (Id.) Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the

3

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

As a federal court sitting in diversity, we must apply state law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). In this case, the relevant state is Pennsylvania. If the state supreme court has not yet addressed an issue before us, we must predict how that court would rule if presented with that issue. Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000). In so doing, we must examine the opinions of the lower state courts, and we cannot disregard them unless we are convinced by other persuasive data that the highest court would rule otherwise. Id.

**Legal Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Knabe v. Boury Corp., 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing Fed. R. Civ. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

When considering a motion for summary judgment, the court must

4

examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. A fact is material if it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendant argues that it is entitled to summary judgment because this case presents a purely legal question as to whether defendant must defend and/or indemnify plaintiffs in the underlying lawsuit. Plaintiffs argue that there are genuine issues of material fact and disputes of law, which makes the granting of summary judgment improper. After a review of the facts in this case, the court finds that there are no disputed material facts, only a dispute as to whether defendant has a duty to defend or indemnify. Accordingly, we find that summary judgment is appropriate.

Both parties agree that Pennsylvania law governs the disposition of this case. It is the role of the court, rather than the jury, to interpret an insurance contract. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999) (citation omitted). "A policy must be read as a

5

whole and its meaning construed according to its plain language." Meyer v. CUNA Mut. Ins. Soc., 648 F.3d 154, 163 (3d Cir. 2011) (citing Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999); Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co., 432 F. Supp. 2d 488, 495 (E.D. Pa. 2006)). If an insurance policy provision is ambiguous, the provision is to be construed in favor of the insured and against the insurer. Madison Constr. Co., 735 A.2d at 106 (quoting Gene & Harvey Builders v. Pa. Mfrs. Ass'n., 517 A.2d 910, 913 (Pa. 1986)). "Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." Id.

In determining whether the insurer has a duty to defend, the district court compares the four corners of the insurance contract to the four corners of the complaint. Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 541 (Pa. 2010); see Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006) ("We find no reason to expand upon the well-reasoned and long-standing rule that an insurer's duty to defend is triggered, if at all, by the factual averments contained in the complaint itself."). The insured bears the initial burden of demonstrating that an underlying claim is covered by the insurance policy. Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 206 (3d Cir. 2001) (citation omitted). "Where an insurer relies on a policy exclusion as the basis for its denial of coverage and refusal to defend, the insurer has asserted an affirmative defense and, accordingly, bears the burden of proving such defense." Canal Ins. Co. v. Underwriters at Lloyd's London, 435 F.3d 431, 435 (3d Cir. 2006) (quoting Madison Constr. Co., 735 A.2d at 106). Exclusions are construed strictly against the insurer and in favor of the insured. Cosenza, 258 F.3d at 206-07.

The duty to defend is separate from and broader than the duty to

6

indemnify.  Kvaerner, 908 A.2d at 896 n.7.  Both duties are determined by an examination of the underlying complaint.  Id.  A finding that there is no duty to defend precludes the duty to indemnify.  Id.  The factual allegations in the complaint are to be taken by the district court as true and liberally construed in favor of the insured.  Frog, Switch & Mfg. Co., Inc., 193 F.3d at 746.  If the allegations in the complaint are actually or potentially covered by the policy, then the insurer has an obligation to defend the insured.  Am. & Foreign Ins. Co., 2 A.3d at 532.

In the instant case, defendant essentially asserts three arguments as to why it does not have a duty to defend plaintiffs in the underlying lawsuit.  First, it argues that plaintiffs did not engage in an accidental or fortuitous event, thus it did not constitute an "occurrence" to trigger protections of the policy.  Second, because the underlying lawsuit does not seek damages for any "Advertising Injury," the litigation is not covered by the policy.  Third, the intellectual property exclusion in the insurance policy precludes coverage of the underlying lawsuit.  We will address each of these arguments, in turn.

**1. Occurrence**

Defendant argues that the underlying lawsuit is not covered because the allegations do not constitute an "occurrence" under the insurance policy.  Plaintiffs do not specifically address the necessity of an occurrence, however, they broadly argue that the initiation of the underlying lawsuit is deserving of some coverage.

Plaintiffs' insurance policy provides the definition of "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (Doc. 19, Ex. 3, Ins. Policy at 37).  The policy does not provide a definition of "accident."  Pennsylvania courts emphasize the fortuity of events in determining whether there was an

accident. State Farm Fire & Cas. Co. v. Estate of Mehlman, 589 F.3d 105, 111 (3d Cir. 2009). An accident under insurance law can be defined as "[a]n unexpected or undesirable event," or "something that occurs unexpectedly or unintentionally." Kvaerner, 908 A.2d at 897-98 (citing Webster's II New College Dictionary 6 (2001)).

The Third Circuit Court of Appeals has also addressed the meaning of "accident" under Pennsylvania law:

> An accident, simply stated, is merely an unanticipated event; it is something which occurs not as the result of natural routine but as the culmination of forces working without design, coordination or plan. And the more disorganized the forces, the more confusedly they operate, the more indiscriminately haphazard the clash and intermingling, the more perfect is the resulting accident.

Estate of Mehlman, 589 F.3d at 111 (quoting Brenneman v. St. Paul Fire & Marine Ins. Co., 192 A.2d 745, 747 (1963)).

Intentional conduct, such as a willful and malicious assault, is not an "occurrence" within the meaning of an insurance policy. Gene Rest., Inc. v. Nationwide Ins. Co., 548 A.2d 246, 247 (Pa. 1988). Where the underlying complaint only alleges intentional acts and no allegations of negligence, courts have not treated an incident as an occurrence. Nationwide Mut. Fire Ins. Co. v. Pipher, 140 F.3d 222, 225 (3d Cir. 1998). However, negligent allegations trigger the insurer's duty to defend. Id. at 228. The district court must look to the factual allegations to determine whether there are allegations of intentional or negligent conduct. See Travelers Prop. Cas. Co. of Am. v. Mericle, 3:09-CV-1747, 2010 WL 3505117, at *6 (M.D. Pa. Aug. 31, 2010) (citing Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of Am., 581 F. Supp. 2d 677, 694 (W.D. Pa. 2008)). "It is the face of the complaint and not the truth of the facts alleged

therein which determines whether there is a duty to defend." Tuscarora Wayne Mut. Ins. Co. v. Kadlubosky, 889 A.2d 557, 561 (Pa. Super. Ct. 2005).

In the instant case, we first turn to the language of the policy to determine the scope of coverage. The instant policy provides:

> **A. Coverages**
> **1. Business Liability**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages, because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damages," "personal injury," or "advertising injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

(Doc. 19, Ex. 3, Ins. Policy at 26). As we stated above, "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Id. at 37). Under such a definition, there must have been an accident or degree of fortuity in bringing about the underlying advertising injury.[2]

We next look at the allegations in the underlying complaint to determine whether the claims fall within the scope of the coverage. See Pipher, 140 F.3d at 225. It is alleged that plaintiffs unlawfully copied microfilm versions of the journals for third parties. (Doc. 19, Ex. 2, Underlying Compl. ¶ 28). It contains counts of copyright infringement, contributory copyright infringement, trademark infringement, trademark

---

[2] Defendant and plaintiffs only address "advertising injury." Neither party raises any argument in support of the other injuries or damages covered under the policy.

counterfeiting and common law unfair competition. The plaintiffs in the underlying action assert that Plaintiff "Wasilewski has controlled Comprehensive Microfilm and knowingly induced it to infringe upon Plaintiffs' copyrights," "[Plaintiff] Wasileski has willfully contributed to the infringement of Elsevier, Wiley and ACS Copyrights," and plaintiffs "willfully infringed the Elsevier, Wiley, and ACS Trademarks." (Id. ¶¶ 39, 40, 49). Plaintiffs allegedly committed these violations when a customer, Princeton Micro Scan Corporation, requested that the plaintiffs make a master microfilm copy of a journal and an additional microfilm copy to be sent to an institution. (Id. ¶ 28).

Based on the terms of the insurance policy and the allegations in the complaint, we find that defendant does not have a duty to defend plaintiffs in the underlying action because there was no "occurrence." The facts that are asserted in the complaint do not describe a fortuitous event that was unexpected, undesirable, or unintentional. To the contrary, the complaint alleges intentional conduct. Plaintiffs allegedly knowingly and willfully committed the underlying unlawful conduct in contracting to make microfilm copies of the journals. There are no allegations of a culmination of disorganized forces. See Estate of Mehlman, 589 F.3d at 111. The complaint does not contain any allegations of negligence or describe that events that took place as an "accident." See Pipher, 140 F.3d at 228. Based on the allegations in the complaint, plaintiffs are not covered under the insurance policy due to the intentional and willful conduct, which does not constitute an occurrence. See Gene Rest. Inc., 548 A.2d at 247. Therefore, defendant did not have a duty to defend plaintiffs in the underlying lawsuit. Absent a duty to defend, defendants do not have a duty to indemnify. See Kvaerner, 908 A.2d at 896 n.7.

Furthermore, even if there was an occurrence, we still find that

10

plaintiffs would not be covered under the policy due to the absence of an advertising injury and the intellectual property exclusion. We will address these two additional arguments raised by defendant.

## 2. "Advertising Injury"

Defendant contends that plaintiffs were not in the course of advertising their goods, products, or services during the event that gave rise to the underlying action, therefore their conduct does not amount to an "advertising injury." Plaintiffs argue that defendant acknowledged that the allegations in the underlying complaint satisfied the definition of "advertising injury" in the letter denying coverage, and therefore, the only issue that remains is whether there is an applicable exclusion under the policy.

To determine whether there is a duty to defend or indemnify, we again must compare language in the insurance policy to the language in the underlying complaint. In pertinent part, the policy provides: **1.** "Advertising Injury" means injury arising out of one or more of the following offenses . . . **d.** infringement of copyright, title or slogan. (Doc. 19, Ex. 3, Ins. Policy at 35). The policy also provides that the insurance applies to "'Advertising injury' caused by an offense committed in the course of advertising your goods, products or services." (Id. at 26). In the underlying complaint, it is alleged that plaintiffs contracted with Princeton Micro Scan to make microfilm copies of journals and plaintiff would then distribute the copies to Princeton Micro Scan and other third parties. (Doc. 19, Ex. 2, Underlying Compl. ¶ 28).

We agree with defendant that the underlying action does not involve an "advertising injury" and thus would not be covered under the insurance policy. (Doc. 19, Ex. 5). Plaintiffs misinterpret defendant's letter denying coverage. Defendant provided that "while the allegations within the complaint meet the definition of 'Advertising Injury,' coverage is not afforded

11

because the claim does not fall within the insuring agreement, which states that the 'Advertising Injury' must be 'caused by an offense committed in the course of advertising your goods, product or services.'" (Id. at 5).  This explanation provides that the allegations in the complaint meet the definition of advertising injury in a sense that the claims involve copyright infringement, which is one of the offenses enumerated under the insurance policy as an advertising injury.  (Doc. 19, Ex. 3, Ins. Policy at 35).  However, the policy only provided coverage for advertising injuries that were "caused by an offense committed in the course of advertising your goods, products or services."  (Id. at 26).  It is undisputed that plaintiffs were not engaged in any advertising activities during the events that gave rise to the underlying cause of action.  Instead, plaintiffs were performing services for one of their customers in making microfilm copies for distribution.  They were not attempting to market their product to attract customers, plaintiffs were providing services to a customer.

Accordingly, we find that the underlying complaint, while involving alleged copyright infringement, did not take place while advertising. Therefore, it was not an advertising injury and the claims against plaintiffs are not covered under that policy provision.

### 3. Intellectual Property Liability Exclusion

Defendant also asserts that a specific policy provision excludes the underlying cause of action from coverage under the policy.  The "Intellectual Property Liability Exclusion" excludes from coverage:

> Any "suit" seeking damages (whether valid or invalid) arising, in whole or in part, out of any allegation of infringement or violation of copyright, patent, trademark or other intellectual property law, and "bodily injury," "property damages," "personal injury" or "advertising injury" arising, in whole or in part out of any infringement or violation of copyright, patent trademark or other intellectual property law.

(Id. at 44).

12

Plaintiffs concede that this exclusion applies to the copyright and trademark claims, however, they argue that the exclusion does not apply to common law unfair competition claim.  They assert that it appears from the underlying complaint that the unfair competition claim is the primary allegation, the policy does not specifically exclude unfair competition and it is deserving of some coverage under the policy.  We disagree with plaintiffs and find that the intellectual property provision excludes all of the claims filed against plaintiffs.

As this court is to read the policy to give affect to the plain language contained therein, the provision clearly provides that any suit initiated "in whole or in part, out of any allegations of infringement or violation of copyright, patent, trademark or other intellectual property law" will be excluded.  (Id.)  As the underlying suit arises "in part" from copyright infringement, we find that the entire suit is excluded from the coverage under the policy.  Therefore, defendant does not have a duty to defend plaintiffs in the underlying suit based on this exclusion.

**Conclusion**

For the reasons state above, the defendant's motion for summary judgment will be granted.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COMPREHENSIVE MICROFILM AND SCANNING SERVICES, INC.; and JAMES WASILEWSKI,** Plaintiffs | : 3:11cv498 :<br>: (Judge Munley) |
| v. | : |
| **THE MAIN STREET AMERICA GROUP,** Defendant | : |

## ORDER

**AND NOW**, to wit, this 18th day of April 2012, upon consideration of defendant's motion for summary judgment (Doc. 17), it is hereby **ORDERED** that the defendant's motion is **GRANTED**. The Clerk of Court is directed to enter judgment against the plaintiffs and for the defendant and to **CLOSE** this case.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY
United States District Court**